Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of South Dakota

_____ Division

|  |  |
|---|---|
| JENNIFER B. LATTA | )<br>)<br>)<br>) |

Case No. 5:26-cv-5064
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

PETE LEIN & SONS INC.,
JjOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4 AND JOHN DOE #5

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jennifer B. Latta |
| Street Address | 7153 Marvel Mountain Ridge Road |
| City and County | Rapid City     Meade County |
| State and Zip Code | South Dakota 57702 |
| Telephone Number | (605) 503-3337 |
| E-mail Address | jennbryce1987@yahoo.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Pete Lein & Sons Inc. |
| Job or Title *(if known)* | |
| Street Address | 3811 Universal Drive |
| City and County | Rapid City    Pennington County |
| State and Zip Code | South Dakota 57702 |
| Telephone Number | (605) 394-7241 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | John Doe #1, #2, #3, #4 and #5 |
| Job or Title *(if known)* | Supervisor, Manager and/or Foreman |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The plaintiff was discriminated against based upon her sex (female), her disability, her age (YOB 1973) and/or retaliation for participating in a protected activity in violation of Title VII of The Civil Rights Act of 1964, as amended;The Americans with Disabilities Act of 1990, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.      If the defendant is a corporation

The defendant, *(name)*  Pete Lein and Sons Inc.                    , is incorporated under the laws of the State of *(name)*    South Dakota                        , and has its principal place of business in the State of *(name)*   South Dakota                        .

Or is incorporated under the laws of *(foreign nation)*                            ,

and has its principal place of business in *(name)*                            .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

An UNDETERMINED amount in excess of $100,000.00 due to the sexual harassment, age discrimination and also retaliation in violation of Title VII.

## III.      Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHMENT

## IV.      Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The defendants are responsible for allowing management to continually discriminate and sexually harass the plaintiff at her place of employment. This is based upon numerous incidents, even after reporting this to Human Resources several times. The plaintiff volunteered to work at a different plant and was denied. The plaintiff request the maximum amount of compensation allowed due to lost wages, lost health care and mental pain and suffering this has caused. The retaliation escalated by firing her on or about September 6, 2024. Punitive damages should be awarded if the court determines the defendant(s) actions were deliberate and calculated. The defendant employees over 201 employees awarded should cause the defendant to     (CONTINUED)

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

cease and desist this type of treatment of female employees in the future. Attempts to Conciliate this matter after the EEOC of Minneapolis found reasonable cause were rejected by the defendant thus causing this course of action.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _____

Signature of Plaintiff    _____

Printed Name of Plaintiff    Jennifer B. Latta

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

EEOC (Inquiry) Number: **444-2025-00822**

## INQUIRY INFORMATION

### INQUIRY OFFICE

**Receiving:** Minneapolis Area Office

**Accountable:** Minneapolis Area Office

### POTENTIAL CHARGING PARTY

**Name:** Mrs. Jennifer B. Latta

**Address:** 7153 Marvel Mountain Ridge Road

RAPID CITY, SD 57702

**Year of Birth:**

**Email Address:** jenniferlatta1987@yahoo.com

**Phone Number:** 605-877-2144

### POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** Female

**Disabled?**

**Are you Hispanic or Latino?**

**Ethnicity:**

**National Origin:**

### RESPONDENT/Employer

**Organization Name:** Pete Lien & Sons

**Type of Employer:** Business or non-profit organization that I applied to, work for, or worked for

**Number of Employees:** 20 or more employees

**Primary Address:** 3613 Universal Drive

RAPID CITY, SD 57702

**County:** Pennington

**Phone Number:** 605-342-7225

**Work Address:** 3613 Universal Drive

RAPID CITY, SD 57702

**Remote Work:** No

### RESPONDENT CONTACT

**Name:** Mary   Drumm

**Email Address:** Mdrumm@petelien.com

**Phone Number:** 605-342-7225

**Title:** Human Resources Director or Owner

### REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 09/06/2024

**Reason for Complaint:** Age - I am 40 years of age or older, Sex (including sexual orientation, and gender identity), Disability, Retaliation - I complained to my employer about job discrimination

**Pay Disparity:** No

**Location of Incident:** South Dakota

**Submission (initial inquiry) Date** 12/29/2024

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:**

**Charge Number:** 444-2025-00822

**Claim previously filed as complaint with another Agency?** No

**Agency Name:**

**Approximate Date of Filing:**

**Nature of Complaint:**


## ADVERSE ACTION(s)

Approximately July 2024-September 2024. I was treated very differently by my direct supervisors. I was a concrete mixer driver. I was continually targeted with comments about being female, my appearance as a female, told ?This world is a man?s world? three times by my supervisor. I was required to do more than other drivers to obtain my cdl. I had to wait 3.5 weeks to receive my boot voucher when others were given theirs before their first day of work or given theirs the first week of work. I was scolded for using the restroom when I only went 2-3 times during a 10-12 hour shift. I was accused of being there doing the job of a concrete mixer driver to meet men.

In early August 2024 I sent an email to Human Resources advising them of what I had been experiencing. Shortly thereafter I was retaliated against in many ways by my supervisors.

They told me that I had quit when I didn?t and made me leave.


## APPOINTMENT

**Appointment Date and time:** 01/02/2025 09:30:00 CST

**Interview Type:** Phone


## APPROXIMATE DEADLINE FOR FILING A CHARGE: 07/03/2025

III     STATEMENT OF CLAIM (ATTACHMENT)

1.) NEW EMPLOYEES OF PETE LEIN & SONS ARE GIVEN VOUCHER'S FOR $200.00 TO PURCHASE SAFETY BOOTS. MOST EMPLOYEES ARE GIVEN THE VOUCHER THE WEEK BEFORE STARTING EMPLOYMENT. THE PLAINTIFF STARTED ON APRIL 29, 2024 AND AFTER CONTINUALLY ASKING FOR THE VOUCHER, ONE WAS GIVEN ON OR ABOUT MAY 21, 2024. THE PLAINTIFF WAS TREATED DIFFENTLY DUE TO HER SEX (FEMALE) AND NO EXPLANATION WAS EVEN RELAYED TO THE PLAINTIFF. THE PLAINTIFF'S TRAINER TOLD HER THEY DIDN'T WANT HER TO GET "FREE BOOTS" AND EXPECTED HER TO QUIT SHORTLY AFTER STARTING IN APRIL.

2.) IN REGARDS TO THE PLAINTIFF'S DISABILITY, WHILE STILL TRAINING ON ONE SPECIFIC DATE, THE PLAINTIFF DID NOT HAVE A PRESCRIBED MEDICATION (ADDERALL) AND ADVISED HER TRAINER SHE DIDN'T FEEL COMFORTABLE DRIVING THE MIXER. THE PLAINTIFF ASKED HER TRAINING DRIVER TO DRIVE THE LAST LOAD AND SHE WOULD OBSERVE TO CONTINUE HER LEARNING EXPERIENCE. JOHN DOE #1 (RUSTY?) SENT HER HOME AND SAID, " THESE PILLS AREN'T GOING TO BE A PROBLEM ARE THEY?" THE REASONABLE ACCOMADATION WOULD HAVE BEEN FOR HER TO CONTINUE TO LEARN, BUT SHE WAS TREATED DIFFERENTLY. THE PLAINTIFF CHOSE TO BRING HER MEDICAL ISSUE THE ATTENTION IT DESERVED RATHER THAN DRIVE AN 80,000 lbs. TRUCK AND ENDANGER HERSELF AND THE PUBLIC. NO ATTEMPT WAS OFFERED TO GET HER

(CONT.)

(CONTINUED) Pg. 2

2.) HOME SAFELY, IF THE DEFENDANT FELT SHE WAS UNSAFE.

3.) ON SEVERAL OCCASIONS A MANAGER, POSSIBLY DAVE TRUAX (JOHN DOE #2) MADE DISCRIMINATORY STATEMENTS TO THE DEFENDANT. THE COMMENTS WERE "THIS IS A MAN'S WORLD. GET USED TO IT," AND "THIS IS A MAN'S WORLD, GROW SOME THICK SKIN." THE COMMENT WAS SEXUALLY DISCRIMINATORY AND WOULDN'T HAVE BEEN SAID TO ANY MALE EMPLOYEE.

4.) SEVERAL OF THE MANAGERS HAD A BRIEF MEETING WITH THE PLAINTIFF AFTER SHE REPORTED BY E-MAIL TO HUMAN RESOURCES THE SEXUAL HARASSMENT ISSUES SHE WAS SUBJECTED TO. AFTER THAT MEETING WITH BRAD ? (JOHN DOE #3) AND DAKOTA ? (JOHN DOE #4) THE PLAINTIFF ADVISED THAT THINGS IN GENERAL WERE GOING BETTER. APPROXIMATELY ONE WEEK LATER THING RETURNED TO HOW THEY WERE BEFORE. NO ACCOMADATIONS WERE MADE TO STOP THE SEXUAL HARASSMENT. THE PLAINTIFF ON THE DAY OF THIS MEETING WAS TOLD TO PICK-UP MATT ? (JOHN DOE #5) JOHN DOE #5 WAS THE PRIMARY OFFENDER AND OTHERS WERE AVAILABLE TO GIVE HIM A RIDE. JOHN DOE #5 WOULD SEXUALLY HARASS THE PLAINTIFF ON A REGULAR BASIS. ON ONE OCASSION, HE HAD THE PLAINTIFF STAND NEXT TO THE PORT-A-JOHN BY HERSELF WHILE (CONT.)

PG. 3

CONTINUED

3.) THE MALE PETE LIEN EMPLOYEE'S GATHERED ON THE OTHER SIDE OF THE JOB SITE.

4.) ON ONE OCASSION, ON OR ABOUT AUGUST 5, 2024, THE PLAINTIFF DROVE A LOAD OF CONCRETE TO A LOCATION NEAR STURGIS, SOUTH DAKOTA. THE PLAINTIFF BEGAN BACKING INTO AN AREA THAT WAS EXTREMELY MUDDY AND THE MIXER TIRES BEGAN TO SINK. THE PLAINTIFF FELT UNSAFE AND WAS INSTRUCTED TO NOT ENDANGER HERSELF OR THE EQUIPMENT AND NOTIFIED HER FOREMAN, MATT? (JOHN DOE #5). JOHN DOE #5 WAS VISIBLY ANGRY AND TOLD THE PLAINTIFF TO " GET IN YOUR TRUCK AND HEAD BACK AND TRY NOT TO HIT ANYTHING OR KILL ANYONE." THESE COMMENTS WERE PERCEIVED AS SEXUAL HARASSMENT BY THE PLAINTIFF.

5.) ON NUMEROUS OCASSIONS DURING THE PLAINTIFF'S EMPLOYMENT, SHE WAS TOLD BY VARIOUS MANAGER'S TO PURCHASE A FEMALE FUNNEL TO URINATE OUTSIDE. THE COMMENTS WERE MADE BECAUSE THERE IS A WAITING LINE THE MIXER DRIVERS PARK AT WHILE WAITING FOR THEIR RESPECTIVE TURN TO LOAD CONCRETE IN THEIR ASSIGNED TRUCK, THE MALE (CONTINUED)

(CONTINUED)

5.) DRIVERS ROUTINELY URINATE NEAR THEIR ASSIGNED TRUCK. THE PLAINTIFF WOULD GO INSIDE OF A NEARBY BUILDING AND USE THE RESTROOM WHICH SOMETIMES BRIEFLY HELD UP THE LINE. THIS WAS PERCEIVED AS SEXUAL HARASSMENT. THE MALE DRIVERS COULD JUST UNZIP AND GO WHERE AS A FEMALE WOULD HAVE TO DROP THEIR PANTS AND BE IN AN EMBARASSING SITUATION IN BROAD DAYLIGHT.

6.) ON AN OCASSION WITH MANAGER RUSTY? (JOHN DOE #1) THE PLAINTIFF WAS ON A FINAL CHECK RIDE TO BE RELEASED TO DRIVE ON HER OWN. UPON ARRIVING AT A POUR SITE, THE PLAINTIFF WAS ASKED TO BACK-UP BETWEEN TWO PINE TYPE TREES. THE PLAINTIFF ADVISED JOHN DOE #1 THAT THE SPACE WAS TOO TIGHT TO ALLOW THE MIXER TO FIT BETWEEN THE TREES. JOHN DOE #1 TOLD HER TO BACK BETWEEN THE TREES AND GO SLOW. UPON BACKING UP THE DRIVER'S SIDE MIRROR CRACKED AND BENT THE FRAME OF THE MIRROR. JOHN DOE #1 TOTALLY BLAMED THE PLAINTIFF AND EMBARASSED HER SEVERAL DAYS LATER IN FRONT OF THE OTHER MIXER DRIVERS AND MANAGERS. THE PLAINTIFF (CONT.)

(CONTINUED)

6.) WAS SEXUALLY HARASSED AND DEMEANED IN FRONT OF HER PEERS CAUSING A HOSTILE WORK ENVIRONMENT. THE PLAINTIFF RECOGNIZED THE HAZARD BUT WAS TOLD TO PROCEED. JOHN DOE #1 DID NOT RELEASE HER TO OPERATE ALONE, EVEN THOUGH EVERYTHING ELSE WENT SMOOTHLY WITHOUT INCIDENT. THE PLAINTIFF WAS TREATED DIFFERENT BECAUSE OF HER SEX (FEMALE), JOHN DOE #1 TOLD HER ON THE WAY BACK TO PAY ATTENTION TO WORK AND NOT CONTRACTORS.

7.) ON SEVERAL OCASSIONS THE PLAINTIFF HAD NUMEROUS THINGS HAPPEN TO HER ASSIGNED TRUCK (254) DURING THE LAST WEEK IN AUGUST 2024 AFTER GOING TO HUMAN RESOURCES. AN UNKNOWN PERSON RAN HER BATTERY DEAD BY TURNING ON HER LIGHTS, URINATED ON HER SEAT AND FLOOR BOARD, TAMPERED WITH HER BACK CAMERA MAKING THE IMAGE UPSIDE DOWN, MIXER FITTINGS LOOSENED, GEAR GREASE SMEARED INSIDE AND OUTSIDE THE CAB AND HER PERSONAL ITEMS RUMAGED IN THE TRUCK AND INSIDE LOCKER. THIS SEXUAL HARASSMENT WAS ONGOING AND ESCALATING DAILY.

8.) ON THURSDAY SEPTEMBER 5, 2024 THE PLAINTIFF REPORTED TO WORK, THE PREVIOUS DAY SHE HAD A DOCTOR'S APPOINTMENT AND TOOK LEAVE IN THE EARLY AFTERNOON (CONTINUED)

CONTINUED                                                          PG. 6

8.) JOHN DOE #4 STATED, "WELL, YOU DID BEFORE." JOHN DOE #4 DISMISSED THE PLAINTIFF'S CONCERNS AND PROVIDED NO ASSISTANCE OR REMEDY. THE PLAINTIFF STATED, "YOU GUYS WANT ME TO QUIT!" JOHN DOE #4 AND JOHN DOE #3 PROVIDED NO RESPONSE. AS PLAINTIFF WAS LEAVING THE OFFICE TO PREPARE TO GO TO HER TRUCK, THE PLAINTIFF ENCOUNTERED MATT? (JOHN DOE #5) HER FOREMAN (FIRST LINE SUPERVISOR). AS THE PLAINTIFF HELD HER HARDHAT SHE ASKED JOHN DOE #5, "DO YOU WANT ME TO QUIT?" JOHN DOE #5 DID NOT ANSWER AND TOOK HER HARDHAT. THE PLAINTIFF PROCEEDED TO HER ASSIGNED TRUCK AND WAS FOLLOWED CLOSELY BY BRAD? (JOHN DOE #3). AFTER A BRIEF DISCUSSION WITH JOHN DOE #3, IT WAS AGREED THAT THE PLAINTIFF WOULD USE PERSONAL LEAVE TO TAKE THE REMAINDER OF THURSDAY AND FRIDAY OFF OF WORK. SHORTLY THEREAFTER A TEXT WAS SENT TO JOHN DOE #3 ABOUT THE LEAVE TIME AND JOHN DOE #3 SAID IT WAS APPROVED. THE PLAINTIFF THEN IMMEDIATELY DROVE TO HUMAN RESOURCES TO UPDATE THEM ON THE CONTINUEING SEXUAL HARASSMENT. THEY ADVISED THAT THEY WOULD LOOK INTO IT.    (CONTINUED)

CONTINUED                                                                PG. 7

8.) JOHN DOE #4 STATED, "WELL, YOU DID BEFORE." JOHN DOE #4 DISMISSED THE PLAINTIFF'S CONCERNS AND PROVIDED NO ASSISTANCE OR REMEDY. THE PLAINTIFF STATED, "YOU GUYS WANT ME TO QUIT." JOHN DOE #4 AND JOHN DOE #3 PROVIDED NO RESPONSE. AS PLAINTIFF WAS LEAVING THE OFFICE TO PREPARE TO GO TO HER TRUCK, THE PLAINTIFF ENCOUNTERED MATT ? (JOHN DOE #5) HER FOREMAN (FIRST LINE SUPERVISOR). AS THE PLAINTIFF HELD HER HARDHAT SHE ASKED JOHN DOE #5, "DO YOU WANT ME TO QUIT?" JOHN DOE #5 DID NOT ANSWER AND TOOK HER HARDHAT. THE PLAINTIFF PROCEEDED TO HER ASSIGNED TRUCK AND WAS FOLLOWED CLOSELY BY BRAD? (JOHN DOE #3). AFTER A BRIEF DISCUSSION WITH JOHN DOE #3, IT WAS AGREED THAT THE PLAINTIFF WOULD USE PERSONAL LEAVE TO TAKE THE REMAINDER OF THURSDAY AND FRIDAY OFF OF WORK. SHORTLY THEREAFTER A TEXT WAS SENT TO JOHN DOE #3 ABOUT THE LEAVE TIME AND JOHN DOE #3 SAID IT WAS APPROVED. THE PLAINTIFF THEN IMMEDIATELY DROVE TO HUMAN RESOURCES TO UPDATE THEM ON THE CONTINUEING SEXUAL HARASSMENT. THEY ADVISED THAT THEY WOULD LOOK INTO IT. (CONTINUED)

8.) AS THE PLAINTIFF WAS STILL IN HUMAN RESOURCES, JOHN DOE #3 TEXT HER AND SAID, "WE ACCEPT YOUR RESIGNATION FROM EARLIER TODAY AND HAVE MOVE ON." THE PLAINTIFF IMMEDIATELY REPLIED, "I DIDN'T RESIGN, I NEEDED A FEW DAYS OFF." "SO UNLESS YOU ARE FIRING ME I PLAN ON BEING AT WORK ON MONDAY AS WE PREVIOUSLY DISCUSSED AND AGREED." AT APPROXIMATELY 5 PM THAT EVENING, THE PLAINTIFF RECEIVED A TEXT MESSAGE FOR HER TO REPORT EARLY FRIDAY SEPTEMBER 6, 2024. THE PLAINTIFF THOUGHT THAT THE MANAGERS WERE SETTING HER UP TO BE A NO SHOW AND FIRE HER FOR NOT SHOWING UP. THE PLAINTIFF ARRIVED ON FRIDAY MORNING AS INSTRUCTED AND BEGAN HER VEHICLE INSPECTION AS REQUIRED. AT THAT TIME, JOHN DOE #3 SHOWS UP AND ASKED WHAT SHE WAS DOING. THE PLAINTIFF EXPLAINED SHE DIDN'T QUIT AND WAS RESPONDING TO THE TEXT TO WORK. JOHN DOE #3 TOLD THE PLAINTIFF TO CLEAN OUT HER TRUCK AND LEAVE. THE PLAINTIFF REMOVED HUNDREDS OF DOLLARS OF PERSONAL EQUIPMENT FROM HER TRUCK AND LEFT AS ORDERED BY JOHN DOE #3. IT TOOK APPROXIMATELY 30 MINUTES TO REMOVE HER ITEMS.

(CONTINUED)

(CONTINUED)                                    PG. 9

8.) THE PLAINTIFF WAS RETALIATED AGAINST BY GOING TO HUMAN RESOURCES A SECOND TIME. THE PLAINTIFF ONLY HAD ONE WRITE UP AS ADDRESSED IN THIS ATTACHMENT FOR A BROKEN MIRROR THAT WAS NOT HER FAULT. COMMON SENSE WOULD DICTATE IF THE PLAINTIFF QUIT ON THURSDAY, WHY WOULD SHE JUST LEAVE HUNDREDS OF DOLLARS WORTH OF EQUIPMENT ON HER ASSIGNED MIXER TRUCK. THE PLAINTIFF WAS PRAISED BY OTHER DRIVERS, CONTRACTORS AND SOME MANAGERS, BUT RECEIVED SEXUAL HARASSMENT AND RETALIATION BECAUSE SHE'S A FEMALE. HER MEDICAL DISABILITY MAY HAVE ALSO PLAYED A FACTOR IN HER BEING FIRED

JENNIFER B. LATTA



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Minneapolis Area Office**

330 Second Avenue South, Suite 720
Minneapolis, MN 55401-2224
(612) 552-7306
FAX (612) 564-4707
Website: www.eeoc.gov

Charge Number: 444-2025-00822

Jennifer Latta                                                      Charging Party
7153 Marvel Mountain Ridge Road
Rapid City, SD 57702

vs.

Pete Lien & Sons, Inc.                                             Respondent
3401 Universal Dr
Rapid City, SD 57702

## DETERMINATION

Under the authority vested in me by the U.S. Equal Employment Opportunity Commission's ("Commission") Procedural Regulations, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII); the Americans with Disabilities Act of 1990, as amended (the ADA); and the Age Discrimination in Employment Act of 1967, as amended (the ADEA).

The Respondent is an employer within the meaning of Title VII, the ADA, and the ADEA, and all requirements for coverage have been met.

Charging Party alleged that Respondent discriminated against her based on her sex, female; age, year of birth 1973; and disability by subjecting her to harassment and treatment less favorable than coworkers outside of her protected classes.

Charging Party also alleges she was retaliated against when she complained to Respondent of being discriminated against by being subjected to further harassment and then terminated from employment.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe Respondent discriminated against the Charging Party based on her sex, female by subjecting her to sexual harassment, failing to prevent or correct the sexual harassment and retaliating against her for complaining, including by terminating her in or around September 2024 and subjecting her to further harassment, in violation of Title VII.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, please respond to the enclosed conciliation demand within 10 days by responding in writing with specificity to each of the proposed terms. The remedies for violations of the statutes we enforce are designed to make the identified victims whole, and to provide corrective and preventative relief.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, please contact the investigator, Denae Schuldt at denae.schuldt@eeoc.gov or (612) 552-7310. Should there be no response from the Respondent within 14 days, we may conclude that further conciliation efforts in this matter would be futile or non-productive.

On Behalf of the Commission,

January 29, 2026
Date

*Amrith Kaur Aakre/cad*

Amrith Kaur Aakre
District Director

cc: Lisa K. Marso
Boyce Law Firm, L.L.P.
300 S Main Ave
P.O. Box 5015
Sioux Falls, SD 57117
lkmarso@boycelaw.com



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Minneapolis Area Office**
330 South Second Avenue, Suite 720
Minneapolis, MN  55401
(800) 669-4000
Website: www.eeoc.gov

Mrs. Jennifer B. Latta
7153 Marvel Mountain Ridge Road
RAPID CITY, SD 57702

PETE LIEN & SONS
c/o Lisa K. Marso
PO BOX 5015
Sioux Falls, SD 57117

Re: Mrs. Jennifer B. Latta v. PETE LIEN & SONS
      EEOC Charge Number: 444-2025-00822

The Commission has determined that efforts to conciliate this charge as required by The Americans With Disabilities Act of 1990 (ADA), The Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII) have been unsuccessful. This letter is the notice required by §1601.25 of the Commission's Regulations, which provides that the Commission shall notify a Respondent in writing when it determines that further conciliation efforts would be futile or non-productive. No further efforts to conciliate this case will be made.

Accordingly, this case will be reviewed to determine whether the EEOC will take further action against the above-named Respondent. A determination should be forthcoming in the near future.

On Behalf of the Commission:

Digitally Signed By:Cherie Doak
02/02/2026
Cherie Doak
Area Office Director

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/18/2026

**To:** Mrs. Jennifer B. Latta
7153 Marvel Mountain Ridge Road
RAPID CITY, SD 57702
Charge No: 444-2025-00822

EEOC Representative and email:     ARMANDO FERNANDEZ
TRIAL ATTORNEY
ARMANDO.FERNANDEZ@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 444-2025-00822.

On behalf of the Commission,

Digitally Signed By:Cherie Doak
02/18/2026
Cherie Doak
Area Office Director

Cc:
Hayden Fuchs
3401 UNIVERSAL DR
Rapid City, SD 57702

NA NA
Pete Lien & Sons
3613 Universal Drive
RAPID CITY, SD 57702

Lisa K Marso
Boyce Law Firm, LLP
PO BOX 5015
Sioux Falls, SD 57117

Please retain this Notice for your records.